IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:10-793-JFA |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| DELANO MARTELL JONES | ) | |

PRELIMINARY ORDER OF FORFEITURE

1.  On August 3, 2010, a Federal Grand Jury in the District of South Carolina returned an Indictment in which the Defendant, DELANO MARTELL JONES ("Jones", "Defendant"), was charged with the following:

    •   Count 1: knowingly making a false statement to acquire a firearm, in violation of 18 U.S.C. § 922(a)(6);

    •   Count 2: felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1);

    •   Count 3: possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and

    •   Count 4: violent felon in possession of body armor, in violation of 18 U.S.C. §§ 931(a) and 924(a)(7).

2.  The Indictment provided that upon Jones' conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 853 and 881, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

3.  On May 19, 2011, Jones pled guilty to Count 3.

4.  Based upon Jones' conviction and other matters appearing in the record, the court has determined that the below-described property is subject to forfeiture, in

that such property constitutes, is derived from, and/or is traceable to proceeds Jones obtained, directly or indirectly, as a result of his intentional and unlawful violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and/or represents the value of property used or intended to be used in some manner or part to facilitate felony violations of title 21, United States Code.

5.     The court has further determined that the Government has established the requisite nexus between the said property subject to forfeiture and the offense for which Jones has been convicted; therefore, pursuant to 21 U.S.C. §§ 853 and 881(a)(11), and 28 U.S.C. § 2461(c), the said property shall be forfeited to the United States.

6.     The United States is entitled to a judgment of forfeiture and possession of the said property pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1.     The Defendant, Delano Martell Jones, shall forfeit to the United States all right, title and interest in and to any and all property, real or personal, tangible and intangible, constituting or derived from proceeds Jones obtained directly or indirectly as a result of his violations set forth above in paragraph 4, specified as follows:

Firearms/Ammunition:

(1)    Sig Sauer, model SP2340, 40 caliber, semi-automatic handgun; serial number SP0063403; made in Switzerland;
       09-ATF-024423

(2)    Smith and Wesson, model MPI5R, .223-caliber, semi-automatic assault rifle; serial number SW84119, that has not been recovered;

(3)    12 Smith & Wesson .40 caliber cartridges;
       09-ATF-024424

(4)    Body Armor: First Choice Armor, Model MF159 seized on 9/22/09.

09-ATF-024422

2. Upon entry, this order becomes final as to Jones, and shall be made a part of his sentence and included in the criminal Judgment;

3. The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property;

4. Upon entry of this Order, the United States Marshals Service or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office, and to commence proceedings that comply with statutes governing third party rights;

5. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c). If no third party files a timely petition, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2);

6. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought;

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues;

8. Upon adjudication of all third-party interests, this court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which the interests of all petitioners will be addressed. If there are no third party petitioners claiming an interest in the said forfeited property within the time allotted by law, the within Order shall constitute a final judgment of forfeiture of all interests in favor of the United States, and convey clear title to the said property to the United States, and the property may be disposed of in accordance with law;

9. This court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

IT IS SO ORDERED.

November 8, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge